■ In the Matter of the Claim of SHIRLEY M. HEEB, Respondent, v. CHRYSLER CREDIT CORP. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board, filed June 21, 1971, which allowed a claim for death benefits under the Workmen's Compensation Law. Decedent was employed by the Chrysler Credit Corp. as a sales representative in the Rochester area whose job it was to solicit Chrysler franchise dealers and salesmen to finance cars through Chrysler Credit Corp., and to service existing accounts. He was paid a straight salary but had an expense account to cover the cost of operating a company car and entertaining dealers. On April 22, 1970 in the early morning hours decedent was killed when the car he was driving left the highway and struck a tree. His activities at the end of the day before the accident consisted of making a business call on a dealer in Brockport and leaving there at about 8:15, proceeding to a cocktail lounge (which people in the credit financing of automobiles frequented), where he talked business and socialized. He left with a salesman of a dealer at about 11:30 and went to the salesman's home for two hours during which time business was discussed. The salesman drove decedent back to the cocktail lounge where his car was parked, and his salesman friend saw him get into his car and proceed homeward. The board found, and there is substantial evidence to support the finding, that decedent was an outside worker whose employment did not terminate at any fixed hour. The finding that at the time of his death decedent was in the course of his employment was a factual determination for the board (*Matter of Mansfield* v. *General Adjustment Bur.*, 27 A D 2d 783, affd. 20 N Y 2d 881), as was the conclusion that there was no substantial departure from that employment (*Matter of Dunn* v. *Supervised Investors Serv.*, 34 A D 2d 1067). Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Staley, Jr., Sweeney, Simons and Kane, JJ., concur.